# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christopher E. Johnson,**
**Plaintiff Below, Petitioner**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0598** (Kanawha County 10-C-1372)

**Brayman Construction Corporation,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Christopher E. Johnson, by counsel Guy R. Bucci and Mark A. Barney, appeals the Circuit Court of Kanawha County's May 13, 2013, Order denying his motion for new trial following a defense verdict in the trial of his deliberate intention action. Respondent Brayman Construction Corporation, by counsel Wendy E. Greve and Michelle Rae Johnson, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 6, 2008, petitioner's right eye was seriously injured while he was working on respondent's grout crew during the construction of a bridge on Interstate-64.[1] Petitioner's injury occurred while he was handling a high-pressure grout hose. Petitioner filed suit on July 29, 2010, alleging that respondent violated the deliberate intent statute, West Virginia Code § 23-4-2(d)(2)(ii).[2] Petitioner alleged that he was required to handle the hose with no job safety training;

---

[1]This was petitioner's first day on respondent's grout crew.

[2]In order for an employer to lose its immunity under our State's worker's compensation system, the employee must establish each of the following five elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

1

without face or eye protection; without supervision; and without the benefit of a safety inspection by respondent's management to determine whether the hose would be pressurized with grout.

Prior to trial, petitioner filed motions *in limine*, in which he asked the circuit court to: (1) take judicial notice of applicability of certain United States Occupational Safety and Health Administration ("OSHA") regulations and the industry safety standard for Masterflow 1205;[3] (2)

---

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W.Va. Code § 23-4-2(d)(2)(ii).

[3]Specifically, petitioner asked the circuit court to take notice of the applicability of three regulations, all of which are in Part 1926, addressing Safety and Health Regulations for Construction. First, 29 C.F.R. § 1926.20(b), entitled "General safety and health provisions" under Subpart C relating to "General safety and health provisions," states as follows:

(b) Accident prevention responsibilities.

(1) It shall be the responsibility of the employer to initiate and maintain such programs as may be necessary to comply with this part.

(2) Such programs shall provide for frequent and regular inspections of the job sites, materials, and equipment to be made by competent persons designated by the employers.

(3) The use of any machinery, tool, material, or equipment which is not in compliance with any applicable requirement of this part is prohibited. Such machine, tool, material, or equipment shall either be identified as unsafe by

tagging or locking the controls to render them inoperable or shall be physically removed from its place of operation.

(4) The employer shall permit only those employees qualified by training or experience to operate equipment and machinery.

Second, 29 C.F.R. § 1926.21, entitled "Safety training and education," also under Subpart C relating to "General safety and health provisions," states as follows:

(a) General requirements. The Secretary shall, pursuant to section 107(f) of the Act, establish and supervise programs for the education and training of employers and employees in the recognition, avoidance and prevention of unsafe conditions in employments covered by the act.

(b) Employer responsibility.

(1) The employer should avail himself of the safety and health training programs the Secretary provides.

(2) The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury.

(3) Employees required to handle or use poisons, caustics, and other harmful substances shall be instructed regarding the safe handling and use, and be made aware of the potential hazards, personal hygiene, and personal protective measures required.

(4) In job site areas where harmful plants or animals are present, employees who may be exposed shall be instructed regarding the potential hazards, and how to avoid injury, and the first aid procedures to be used in the event of injury.

(5) Employees required to handle or use flammable liquids, gases, or toxic materials shall be instructed in the safe handling and use of these materials and made aware of the specific requirements contained in subparts D, F, and other applicable subparts of this part.

(6)(i) All employees required to enter into confined or enclosed spaces shall be instructed as to the nature of the hazards involved, the necessary precautions to be taken, and in the use of protective and emergency equipment required. The employer shall comply with any specific regulations that apply to work in dangerous or potentially dangerous areas.

(ii) For purposes of paragraph (b)(6)(i) of this section, confined or enclosed space means any space having a limited means of egress, which is subject to the

3

strike respondent's expert's reference or testimony related to regulations that petitioner alleged were inapplicable; and (3) preclude respondent from offering evidence that it did not intend to injure petitioner. Respondent did not object to the court taking judicial notice of OSHA regulations, but argued that the *applicability* of certain regulations, as well as the industry safety standards, should be left to the parties' respective experts to determine at trial. The circuit court granted petitioner's motion *in limine* with respect to prohibiting evidence that respondent did not intend to injure petitioner, but held in abeyance its ruling concerning the OSHA regulations and safety standard.

Trial convened on September 24, 2012. Prior to petitioner calling his expert witness to testify, the circuit court ruled on his motions *in limine* and declined to take judicial notice of the regulations that apply to the case. The circuit court relied on *Mayles v. Shoneys, Inc.,* 185 W.Va. 88, 405 S.E.2d 15 (1990), to rule that the deliberate intent statute calls for experts to offer legal opinions based on their familiarity with workplace safety regulations and allowed each party's expert witness to offer his respective opinion as to the applicability of OSHA regulations under the facts of the case. The circuit court found that hearing from each expert regarding the competing OSHA regulations would assist the jury in understanding the case.[4] The trial proceeded and each expert offered his competing opinion as to the applicability of the different regulations.

Respondent's expert's testimony prompted a motion for a mistrial by petitioner. Despite the circuit court's order prohibiting reference to whether respondent intended to injure petitioner, respondent's expert testified that, "I honestly believe that [petitioner's supervisor] did not

---

accumulation of toxic or flammable contaminants or has an oxygen deficient atmosphere. Confined or enclosed spaces include, but are not limited to, storage tanks, process vessels, bins, boilers, ventilation or exhaust ducts, sewers, underground utility vaults, tunnels, pipelines, and open top spaces more than 4 feet in depth such as pits, tubs, vaults, and vessels.

Third, 29 C.F.R. § 1926.701(f), entitled "personal protective equipment" in Subpart Q, which addresses "Concrete and Masonry Construction," states that "[n]o employee shall be permitted to apply a cement, sand, and water mixture through a pneumatic hose unless the employee is wearing protective head and face equipment."

Finally, petitioner asked the circuit court to take notice of applicability of the Masterflow 1205 industry safety standard for grout that, according to petitioner's motion, "explicitly requires that personal protective equipment, which includes goggles or a face shield, is to be worn when handling this particular caustic chemical."

[4]Generally speaking, petitioner's expert opined that 29 C.F.R. § 1926.20 and 21, which address caustics such as Masterflow 1205 grout that was being utilized when petitioner was injured, applied to the facts of the case. Petitioner asserted it was grout, and not cement, that caused petitioner's eye injury. Respondent's expert opined that 29 C.F.R. § 1926.701, which governs concrete and masonry construction, applied to the grouting operation.

deliberately try and hurt this young man. If you think that. I don't think that. I don't know that [petitioner] thinks that, either." The circuit court instructed the jury to disregard the statement. The circuit court denied petitioner's motion for mistrial, finding a curative instruction to be sufficient.

As for the applicability of the competing OSHA regulations, the circuit court instructed the jury on *all* of the OSHA regulations that each party argued were applicable. The court also instructed the jury on the required elements set forth in the deliberate intent statute. The jury returned a verdict for respondent. Specifically, according to the verdict form, the jury found that petitioner proved the first of the five required elements of deliberate intention, namely, that "a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death." W.Va. Code § 23-4-2(d)(2)(ii)(A). However, the jury found that petitioner failed to establish the second element, that "the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition." W.Va. Code § 23-4-2(d)(2)(ii)(B). Therefore, the jury did not need to reach the question of whether the "specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer . . .[.]" W.Va. Code § 23-4-2(d)(2)(ii)(C).

Thereafter, petitioner filed a motion for new trial, arguing in relevant part, that the circuit court erred by (1) refusing to take judicial notice of the "relevant" OSHA regulations; (2) permitting respondent's expert to testify to his interpretation of OSHA regulations; (3) giving instructions that permitted respondent's expert to interpret and instruct the jury as to the meaning of various OSHA regulations; and (4) refusing to grant a mistrial as result of respondent's expert's statements about whether respondent intended to injure petitioner. By order entered May 13, 2013, the circuit court denied petitioner's motion for new trial, and this appeal followed.

With respect to the standard of review for the denial of a motion for new trial, we have held as follows:

> As a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994) (*Asbestos Litigation*). Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995). Moreover, we have historically favored supporting jury verdicts and will affirm a verdict, absent compelling reasons to set a verdict aside. *See* Syl. Pt. 2, *Stephens v. Bartlett,* 118 W.Va. 421, 191 S.E. 550 (1937). In this regard, we have held that

> [i]n determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true.

Syl. Pt. 3, *Walker v. Monongahela Power Co.* 147 W.Va. 825, 131 S.E.2d 736 (1963)

Petitioner raises four assignments of error in his appeal to this Court, the first three of which are related and will be addressed together. He argues that the circuit court erred by (1) refusing to take judicial notice of the OSHA regulations he contended were applicable; (2) permitting respondent's expert to testify to his interpretation of OSHA regulations; and (3) instructing the jury on regulations that were not applicable to the case. Petitioner relies on *France v. Southern Equipment Co.,* 225 W.Va. 1, 689 S.E.2d 1 (2010), where we held in Syllabus Point 10 as follows:

> As a general rule, an expert witness may not testify as to questions of law such as the principles of law applicable to a case, the interpretation of a statute, the meaning of terms in a statute, the interpretation of case law, or the legality of conduct. It is the role of the trial judge to determine, interpret and apply the law applicable to a case.

Petitioner contends that the respondent's expert testimony was nothing but legal opinion and not based on the facts because, petitioner asserts, it was grout that injured his eye, not cement. Petitioner argues, therefore, that respondent's expert's testimony failed to fit the framework of West Virginia Code § 23-4-2(d)(2)(ii)(C) because he based his opinion on regulations that were not specific to the work petitioner was performing. As to the jury instructions, petitioner contends they were misleading because they included regulations that he believes did not apply to the case. *See* Syl. Pt. 4, *State v. Travis,* 139 W.Va. 363, 81 S.E.2d 678 (1954) ("It is reversible error to give an instruction which is misleading and misstates the law applicable to the facts.").

We disagree with petitioner that the circuit court's handling of the parties' competing experts in this case warrants reversal of the jury's verdict. Both experts were permitted to testify to their respective opinions about the applicability of certain regulations to the workplace at issue. Stated another way, the court's ruling on petitioner's motion in limine did not preclude petitioner's expert from offering his opinion that respondent's conduct violated the deliberate intent statute. Petitioner was afforded the same opportunity as respondent to convince the jury of his position. In fact, petitioner did convince the jury that a "specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death." Therefore, we do not believe the circuit court abused its discretion in permitting both parties' experts to testify to the applicability of the regulations.

As for petitioner's reliance on *France,* expert testimony regarding the applicability of competing OSHA regulations was not an issue in that case. *France* involved a defendant, Southern Equipment, that hired another company, Quality Metal Roof Manufacturing and Sales,

to install a new roof on its facility. Quality used a third company, Royalty Builders, to install the roof. The plaintiff, France, was an employee of Royalty who was injured during the installation. The court granted Southern's motion for summary judgment because it owed no duty of care to an employee of an independent contractor over whom it had no control. On appeal, France argued unsuccessfully that his expert should have been permitted to testify that the jobsite was a "multi-employer" worksite per OSHA regulation. We ruled that Rule 702 of the West Virginia Rules of Evidence does not allow an expert to usurp the role of the judge in determining the law of the case.

> Here, the circuit court distinguished *France* by ruling that
>
> what the judge was really doing was determining, not allowing an expert to determine who fell within the guise of the law. Not what the actual substantive law or the safety rules or anything like that would apply. It was whether or not you even got to OSHA and I just think it's so distinguished from this case . . . but that's my ruling and I just intend to handle this the traditional way that these cases have been handled rather than take judicial notice of the – not – now we can argue lots of things in instructions. That's going to be our next issue.

Petitioner complains because the court failed to instruct the jury on only the regulations he argued applied. But, the jury received *all* of the regulations in its instruction, including those advocated by petitioner. Importantly, the jury never reached the question of whether the unsafe working condition violated a state or federal safety statute, rule or regulation, or a commonly accepted and well-known safety standard. The jury did not reach this issue because it found that petitioner failed to establish that respondent had actual knowledge of the unsafe working condition. In this respect, the present case is similar to *Kessee v. General Refuse Service, Inc.,* 216 W.Va. 199, 604 S.E.2d 449 (2004), in which the circuit court permitted the defendant in a deliberate intent action to introduce evidence that the plaintiff's beneficiary received social security benefits as a result of her husband's death, in violation of the collateral source rule. In *Kessee,* we determined that the court's error did not warrant setting aside the jury verdict for the defendant because the jury found against the plaintiff on liability and never reached the issue of damages. Likewise, in the present case, the jury never reached the issue of whether the unsafe condition violated regulation or safety standard, so the inclusion of all of the regulations in the instructions, even assuming *arguendo* that they were not applicable, does not warrant setting aside the verdict.

Petitioner's final assignment of error is that the circuit court erred by denying petitioner's motion for mistrial when respondent's expert witness testified that to his belief that respondent did not intend to injure petitioner. Petitioner asserts that once the jury heard the testimony, the "bell could not be unrung," and the circuit court's curative instruction was insufficient to overcome the prejudice to petitioner. We disagree. Much similar to the analysis above, in this case, the jury actually found that an unsafe working condition existed, but that respondent lacked "actual knowledge" thereof. The jury's deliberation ended at that point; therefore, the witness's testimony regarding respondent's intent to injure petitioner – albeit improper given the circuit court's prior ruling – does not warrant setting aside the verdict.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman

8